IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 10-755-GMS | |
| | ) | |
| WALGREENS PHARMACY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth), who proceeds *pro se*, and has been

granted leave to proceed *in forma pauperis* filed this lawsuit on September 3, 2010, pursuant to

42 U.S.C. § 1983, alleging violations of his Fourth and Eighth Amendment rights under the

United States Constitution. (D.I. 2.) Before the court are the defendants' motions to dismiss and

Bridgeforth's motion to voluntarily dismiss the claims against the defendant Officer Roberta

Harlow ("Harlow"). (D.I. 16, 18, 23.) For the reasons that follow, the court will grant the

motion to voluntarily dismiss the claims against Harlow, will deny as moot Harlow's motion to

dismiss, will grant the motion to dismiss of the remaining defendants, and will direct the clerk of

court to close the case.

## II. BACKGROUND

Bridgeforth alleges that on September 2, 2010, he was subjected to racial discrimination

when he was denied service at the defendant Walgreens Pharmacy ("Walgreens") located on

3513 North Market Street in Wilmington, Delaware. Bridgeforth attempted to file a prescription

for pain medication and presented the defendants Korey Paff ("Paff") and Julia Seng ("Seng")

(together "the defendants") with various forms of identification.[1] They refused to fill the prescription because the identification provided was not representative of Bridgeforth's appearance.

The defendants called the Wilmington Police Department and the defendant Officer R. Harlow ("Harlow") responded to the call. Harlow patted down Bridgeforth, threatened to arrest him, and told him not to return as a customer to the Walgreens. Bridgeforth left and successfully filled his prescription at another pharmacy. On September 3, 2010, he filed the instant complaint "discrimination related to race, sex, and age." He seeks one million dollars in damages.

All defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Bridgeforth moves to voluntarily dismiss the claims against Harlow.

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part

---

[1]The court will refer to Walgreens, Paff, and Seng as "the Walgreen defendants."

analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient" unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).

## IV. DISCUSSION

### A. 42 U.S.C. § 1983

The Walgreens defendants move for dismissal on the grounds that the complaint fails to allege that they acted under color of law. (D.I. 19.) Bridgeforth responds that he sufficiently alleges a cause of action against the Walgreens defendants. (D.I. 22.)

As is well-established, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West,* 487 U.S. at 49. Walgreens is a public corporation, *see* http://www.walgreens.com, and Paff and Seng are its employees. Hence, the Walgreens defendants are considered private persons and not state actors.

In addition, there are no allegations that the Walgreens defendants jointly engaged with state officials in violating Bridgeforth's constitutional rights. "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980) (citations omitted). However, private persons must have been "willful participant[s] in joint action with the State or its agents." *Id.* at 27. The "inquiry must be whether there is a sufficiently close nexus between the state and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974). A plaintiff can establish such a nexus by alleging and proving the elements of a civil conspiracy between a state and private actor to violate an individual's rights. *Melo v. Hafer,* 912 F.2d 628, 638 n.11 (3d Cir. 1990).

The complaint contains no facts to support a conspiracy claim. Instead, the complaint alleges that the defendants called the police following what, they believed, was the use of improper identification in an attempt to fill prescription. The complaint does not allege that acts were taken in concert by defendants with the specific intent to violate Bridgeforth's constitutional rights. Accordingly, the court finds that the complaint fails to allege that the Walgreens defendants act under color of law.

Finally, the complaint fails to allege facts that would subject a corporation and its employees to liability under § 1983. The complaint merely alleges that the police department was called following the defendants' perception that Bridgeforth attempted to use improper identification to fill a prescription. To the extent that the complaint attempts to allege that the Walgreens defendants misused or misapplied State law, the claim fails. "An improper use or abuse by a private party of an otherwise valid state procedure is not cognizable under § 1983." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 792 F.Supp. 393, 395 (E.D. Pa. 1992) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982), *aff'd in part and vacated in part*, 20 F.3d 1250 (3d Cir. 1994).

The Walgreens defendants are not clothed with the authority of state law. The complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Therefore, the court will grant the Walgreens defendants' motion to dismiss. (D.I. 18.)

**B. Voluntary Dismissal**

Bridgeforth moves to dismiss the claims against Harlow, presumably pursuant to Fed. R. Civ. P. 41. (D.I. 23.) The court notes that Harlow has moved to dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(6). (*See* D.I. 16.) The court will grant Bridgeforth's motion to

voluntarily dismiss the claims against Harlow and will deny as moot Harlow's motion to dismiss. (D.I. 16, 23.)

## V.  CONCLUSION

For the above reasons, the court will deny as moot Harlow's motion to dismiss; will grant the Walgreens defendants' motion to dismiss; and will grant Bridgeforth's motion to voluntarily dismiss the claims against Harlow.  To the extent Bridgeforth seeks to amend his complaint, the court finds that any such amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (indicating that district court may deny leave to amend on the basis of futility).

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

March 23 2012
Wilmington, Delaware

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-755-GMS |
| | ) |
| WALGREENS PHARMACY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this $\underline{20^{th}}$ day of March, 2012, for the reasons set forth in the

Memorandum issued this date;

    1. The motion to dismiss of the defendant Roberta Harlow is **denied** as moot. (D.I. 16.)

    2. The motion to dismiss of defendants Walgreens Pharmacy, Korey Paff, and Julia Seng

is **granted**. (D.I. 18.) The court finds that amendment is futile.

    3. The plaintiff's motion to voluntarily dismiss the claims against the defendant Roberta

Harlow is **granted**. (D.I. 23.)

    4. The clerk of court is directed to **close** the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE